IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BILLY RAY BURNS,
Petitioner,

vs. Case No.: 3:13cv393/MCR/EMT

MICHAEL CREWS,
Respondent.
_______________________________/

**REPORT AND RECOMMENDATION**

This cause is before the court on Petitioner's petition for writ of habeas corpus and supporting memorandum, filed pursuant to 28 U.S.C. § 2254 (docs. 1, 2). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 23; *see also* doc. 16, exhibits). Petitioner responded in opposition to the motion (doc. 27).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I. BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 16, exhibits).[1] Petitioner was charged in the Circuit Court in and for Escambia

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted by Respondent (*see* doc. 16, exhibits). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

County, Florida, Case No. 2008-CF-5444, with one count of dealing in stolen property by trafficking (Ex. A). Following a jury trial, he was found guilty as charged (Exs. B, C). On May 7, 2009, Petitioner was sentenced to ten (10) years of imprisonment, with pre-sentence jail credit of 196 days (Ex. D).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D09-3002 (Ex. E). The First DCA affirmed the judgment per curiam without written opinion on June 11, 2010, with the mandate issuing June 29, 2010 (Exs. G, H). Burns v. State, 37 So. 3d 850 (Fla. 1st DCA 2010) (Table). Petitioner did not seek further review.

On November 23, 2010, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. I). In an order rendered December 6, 2010, the state circuit court struck the motion as facially insufficient, without prejudice to Petitioner's filing an amended motion "within a reasonable time" (Ex. J). Petitioner filed an amended motion on January 20, 2011 (Ex. K). The state circuit court held a limited evidentiary hearing on one of Petitioner's thirteen claims (*see* Ex. O). The court subsequently denied the Rule 3.850 motion (Ex. P). Petitioner appealed the decision to the First DCA, Case No. 1D11-5876 (Ex. Q). The First DCA affirmed the decision per curiam without written opinion on June 14, 2012, with the mandate issuing August 16, 2012 (Exs. S, V). Burns v. State, 93 So. 3d 1015 (Fla. 1st DCA 2012) (Table).

While the post-conviction appeal was pending, Petitioner filed another Rule 3.850 motion asserting two claims (Ex. W). In an order rendered October 24, 2012, the state circuit court dismissed the motion as untimely and successive (Ex. X). Petitioner appealed the decision to the First DCA, Case No. 1D12-6085. The First DCA affirmed the decision per curiam without written opinion on February 14, 2013, with the mandate issuing March 12, 2013 (Ex. Y, Z). Burns v. State, 108 So. 3d 1081 (Fla. 1st DCA 2013) (Table).

Petitioner filed the instant federal habeas action on July 1, 2013 (doc. 1).

## II. ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas

petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends, and Petitioner does not dispute, that the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (*see* doc. 23 at 1–2; doc. 27 at 2). The parties also agree that under federal law, the judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court (*see id.*). However, the parties disagree as to when the 90-day period commenced. Respondent contends it commenced on June 11, 2010, the date of the First DCA's decision on direct appeal (doc. 23 at 1–2); whereas, Petitioner contends it commenced on June 29, 2010, the date of the First DCA's mandate on direct appeal (doc. 27 at 2). It is well settled that the 90-day period runs from the date of entry of the judgment sought to be reviewed, rather than from the issuance of the mandate. *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). Therefore, the 90-day period commenced on June 11, 2010, and expired ninety days later on September 10, 2010.[2] The federal limitations period began to run the next day, on September 11, 2010. *See* Wainwright v. Sec'y,

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90-day period expired on September 10, 2010.

Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until September 11, 2011, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner did not file his federal petition on or before September 11, 2011; therefore, it is untimely unless tolling principles apply and render it timely. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In this case, Petitioner filed a tolling motion (his first Rule 3.850 motion) on November 23, 2010, after **73 days** of the federal limitations period expired. Respondent asserts the motion was pending until December 3, 2010, the date the state circuit court rendered the order striking the motion with leave to amend (*see* doc. 23 at 2). Respondent contends the limitations period resumed on that date and ran for 48 days, until Petitioner filed his amended Rule 3.850 motion on January 20, 2011 (*see id.*). Petitioner disagrees. He contends his original Rule 3.850 motion remained pending during the entire period from the date he filed his original Rule 3.850 motion to the date of the First DCA's mandate affirming the circuit court's final order denying the motion (*see* doc. 27 at 3–6). Petitioner contends the motion was pending even during the period between the state circuit court's order striking the motion with leave to amend, and his filing an amended motion, because, as the order itself stated (*see* Ex. J), the order striking his motion was not a final, appealable order, and under Florida law, he was entitled to further review of the motion in the circuit court so long as he filed an amended motion within a reasonable time (which he did), or requested entry of a final order of dismissal (doc. 27 at 3–6). He contends that because he could not seek review of his Rule 3.850 motion at the next level until the circuit court issued a final order, his motion was pending

even during the period between the state circuit court's order striking the motion with leave to amend, and his filing an amended motion.

The undersigned will assume, without deciding and purely for argument's sake, that Petitioner's Rule 3.850 motion was "pending," for purposes of § 2244(d)(2), during the entire period from the date he filed his original motion, on November 23, 2010, to August 16, 2012, the date the First DCA issued its mandate upon affirming the circuit court's final decision denying Petitioner's amended motion. With this assumption in place, the federal limitations period re-commenced on August 17, 2012. Respondent and Petitioner agree that after August 17, 2012, Petitioner did not properly file any other post-conviction applications that qualified for statutory tolling (*see* doc. 23 at 3; doc. 27 at 6). Therefore, the one-year limitations expired **292 days** later (**73 days + 292 days = 365 days**) on June 5, 2013, prior to Petitioner's filing the instant habeas petition on July 1, 2013.

Petitioner asserts several grounds for equitable tolling of the limitations period (*see* doc. 27 at 7–11). Section 2244(d) is subject to equitable tolling. *See* Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010); San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). Equitable tolling is a rare and extraordinary remedy. *See* San Martin, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. 649 (citation and internal quotation marks omitted). The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." San Martin, 633 F.3d at 1267 (quotations omitted). The extraordinary circumstances must be circumstances beyond the petitioner's control. *See* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See* San Martin, 633 F.3d at 1267.

As one ground for tolling, Petitioner states he was transferred to a county jail during various times from 2010 to 2012 and had no access to his legal paperwork or a law library (doc. 27 at 9–11). He submitted documentation from the FDOC indicating he was in the Escambia County Jail during the following time periods: December 14–28, 2010; September 2–13, 2011; March 2–22, 2012; and July 20–30, 2012 (*see* doc. 27, Ex. C). However, Petitioner has received the benefit of statutory tolling for all of these time periods; therefore, he is not entitled to any additional tolling.

Petitioner asserts two additional grounds for equitable tolling. He asserts the institutional law library took approximately one month to type his handwritten federal petition (*see* doc. 27 at 8). He states he submitted his handwritten petition to the library just prior to June 3, 2013, and received the typed petition on July 1, 2013, the date he filed it with the court (*id.*). He additionally asserts he was in the FDOC Reception and Medical Center from September 4, 2010 to October 18 of 2012, and had no access to his legal work (*see* doc. 27 at 10–11; *see also* doc. 27, Ex. C).

The delay caused by the typing of Petitioner's federal petition is not an extraordinary circumstance. It was Petitioner's choice to submit a typed petition instead of a handwritten one—none of the federal procedural rules, including the Local Rules of this court, require that habeas petitions be typed. Further, although Petitioner alleges his handwriting is "sorely illegible" (*see* doc. 27 at 8), the court notes that the handwritten documents Petitioner filed in this court and the state court are legible. Moreover, Petitioner was in control of calculating his federal deadline and providing his handwritten petition to the law library within a reasonable time prior to that date. He mistakenly believed that his federal petition would be timely if he filed it on July 1, 2013 (*see* doc. 27 at 6–7), so he provided it to the library just prior to June 3, 2013. His federal deadline was actually June 5, 2013, just days after he provided it to the library for typing. The library cannot be faulted for Petitioner's miscalculation. Any delay attributed to the typing of the § 2254 petition was not a circumstance beyond Petitioner's control, nor was it extraordinary. Therefore, Petitioner is not entitled to equitable tolling for the time his petition was in the library being typed.

With regard to Petitioner's stay at the Reception and Medical Center, even if his separation from his legal work during this 44-day stay qualified as an extraordinary circumstance beyond his control, he failed to demonstrate a causal connection between his 44-day stay there and the late filing of his federal petition. His stay at the Reception and Medical Center ended on October 18, 2012, and at that time he still had over seven months to file a timely federal petition. He has not shown that he made any effort, let alone a reasonably diligent effort, to file his federal petition during that seven-month period. Although Petitioner submitted FDOC records documenting time he spent in the institutional law library, in an attempt to show he diligently pursued his rights, those records reflect his attendance in the library <u>after</u> he filed his federal habeas petition on July 1, 2013 (*see* doc. 27, Ex. E). Petitioner apparently recognizes that the library records do not reflect his pre-

filing efforts,[3] but he contends they establish a "pattern of diligence" (*see* doc. 27 at 9). Petitioner's alleging a "pattern of diligence" is insufficient to satisfy his burden of demonstrating he exercised reasonable diligence in pursuing his federal rights upon his return from the Reception and Medical Center. All that the § 2254 petition form required was a brief procedural history and a statement of each ground for relief, with the specific facts that support each ground (*see* doc. 1). Petitioner concedes in his federal petition that all five of the claims he asserts were asserted in his amended Rule 3.850 motion and his appellate brief to the First DCA (*see* doc. 1 at 6–10; doc. 16, Exs. K, Q), which suggests all of the facts and legal arguments supporting his federal claims were available for submission in a federal petition upon his return from the Reception and Medical Center on October 18, 2012. Petitioner has not shown that the 44-day stay at the Reception and Medical Center from September 4 to October 18 of 2012 caused the late filing of his federal petition. Therefore, he is not entitled to equitable tolling on this ground.

## III. CONCLUSION

Petitioner's Section 2254 petition was filed after the federal limitations period expired. Petitioner failed to demonstrate he is entitled to equitable tolling of the limitations period. Further, he does not argue he is entitled to review of his claims through any other recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L.

---

[3] Petitioner states he requested documentation reflecting his use of the law library prior to July of 2013, but the FDOC responded that records of library attendance are retained for only one year (Petitioner submitted his request on July 10, 2014 (*see* doc. 27 at 8–9, Ex. D)).

Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 23) be **GRANTED**.

2. That the petition for writ of habeas corpus (doc. 1) be **DISMISSED with prejudice** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26th day of August 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**